

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*      *(503) 727-1000*
*Portland, OR 97204-2902*      *Fax (503) 727-1117*

March 21, 2014

Benjamin T. Andersen
1420 World Trade Center
121 SW Salmon St.
Portland, OR 97204

    Re:    *United States v. Domingo Ruiz-Esparza,* Case No. 3:13-cr-00372-2-HA
           Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to waive indictment and plead guilty to a single count Information charging the crime of possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1).

3.    **Penalties**:  The maximum sentence is twenty years' imprisonment, a fine of $1,000,000, and at least three years of supervised release.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea, or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss the original indictment against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**:  In order for defendant to be found guilty of Count 1 of the Information, the government must prove the following elements beyond a reasonable doubt:

**Count 1:**

    First, the defendant knowingly possessed with intent to distribute a quantity of a mixture and substance containing methamphetamine; and

    Second, the defendant knew that it was methamphetamine or some other prohibited drug.

**Revised 02/03/10**

Benjamin T. Andersen
Re: Domingo Ruiz-Esparza Plea Letter
Page 2

---

### Factual Basis:

Defendant admits the elements of the offense alleged in Count 1 of the Information and acknowledges that the government would prove the following facts beyond a reasonable doubt at trial:

On July 22, 2013, a confidential informant working on behalf of the Woodburn Police Department and Homeland Security Investigations (HIS) ordered 1.5 pounds of methamphetamine from defendant Domingo Ruiz-Esparza. Defendant contacted codefendant Eliobardo Ramirez-Escobar and made arrangements for the amount of methamphetamine to be delivered. The transaction was to take place at the Best Western Hotel in Woodburn. While conducting surveillance at Ruiz' apartment, law enforcement observed Ramirez leaving defendant's apartment in a brown Chevy pickup. Defendant left a few minutes later in a black Chrysler. The two met at the Walgreens and defendant got in the passenger seat of Ramirez' pickup. Ramirez then drove to the Best Western where the transaction was to take place. Both defendant and Ramirez were taken into custody. Officers seized approximately $976 in United States currency from Ramirez' wallet.

During a consent search of codefendant Ramirez' pickup, truck officers found approximately 579 grams of actual methamphetamine inside a children's backpack. During a consent search of Ramirez' residence, officers located 145 grams of actual methamphetamine, scales, cutting agents, packaging material and approximately $9,710 in United States currency packaged in separate bundles.

During the execution of a search warrant at defendant's residence, officers located two baggies with a total of approximately 44 grams actual methamphetamine, scales, packaging material, cutting agent and drug records.

The total amount of actual methamphetamine seized and tested by the Oregon State Crime Lab was approximately 768 grams. This amount of methamphetamine is consistent with distribution and inconsistent with personal use.

Defendant's actions were knowing and willful and occurred in the District of Oregon.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to U.S.S.G. § 2D1.1 is a Base Offense Level of 36, prior to adjustments. This is based upon the approximately 750 grams of actual methamphetamine seized at defendant's arrest. The government agrees a two-level downward adjustment for minor role is appropriate under § 3B1.2(b) and therefore a three-level downward adjustment under § 2D1.1(a)(5) under the drug guidelines is also appropriate.

Benjamin T. Andersen
Re:  Domingo Ruiz-Esparza Plea Letter
Page 3

8.    **Acceptance of Responsibility**:    Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.    If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.    **Additional Departures, Adjustments, or Variances**:    If defendant accepts this offer and pleads guilty prior to the second trial setting (April 1, 2014), and forgoes filing suppression motions and motions seeking the identity of the informant, the government will recommend an additional two-level decrease in the offense level to recognize defendant's early resolution, and to achieve a reasonable sentence in light of that early resolution under the factors listed in 18 U.S.C. § 3553(a).    Defendant is free to seek additional downward departures, adjustments, or variances to the advisory guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553.

        The United States Sentencing Commission is considering a two-level reduction in the Base Offense Level for some drug offenses.    The U.S. Department of Justice supports this proposal. Therefore, the government will not object to defendant's motion for a downward variance of two levels in defendant's Base Offense Level at the time of sentencing.    In consideration for the government's acquiescence to this motion, defendant hereby agrees not to seek a further sentence reduction under 18 U.S.C. § 3582(c)(2), in the event the two-level reduction is adopted and made retroactive by the Sentencing Commission.

10.    **"Safety Valve" Adjustment**:    If defendant meets the criteria of 18 U.S.C. § 553(f) and U.S.S.G. § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to U.S.S.G. § 2D1.1(b)(11).

11.    **Government's Sentencing Recommendation**: The government will recommend a sentence at the low end of the applicable guideline range.

12.    **Waiver of Appeal/Post-Conviction Relief**:    Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:   (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.    Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.    Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Benjamin T. Andersen
Re:  Domingo Ruiz-Esparza Plea Letter
Page 4

13.  **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.  **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement,

the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.  **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16.  **Forfeiture Terms**:

A.  **Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A) and 846, as set forth in Count 2 of the Indictment, specifically $10,686 in United States Currency seized during defendant's arrest.

B.  **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the property in any civil proceeding, administrative or judicial, which has been initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.  **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

17.  **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Benjamin T. Andersen
Re:  Domingo Ruiz-Esparza Plea Letter
Page 5

18.    **Deadline**:   This early disposition plea offer expires if not accepted by April 1, 2014, at 12:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

PAMALA R. HOLSINGER
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.   I understand and voluntarily agree to its terms and the facts set forth herein.   I expressly waive my rights to appeal as outlined in this agreement.   I wish to plead guilty because, in fact, I am guilty.

3/31/14
Date

DOMINGO RUIZ-ESPARZA
Defendant

I represent the defendant as legal counsel.   I have carefully reviewed every part of this agreement with defendant.   To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/31/14
Date

BENJAMIN T. ANDERSEN
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.   I fully and accurately interpreted discussions between the defendant and the attorney.

31 March 2014
Date

Interpreter (if necessary)

Revised 02/03/10