S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**PAMALA R. HOLSINGER**, OSB #89263
Assistant United States Attorney
pamala.holsinger@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:13-CR-00372-02-HA |
| v. | |
| DOMINGO RUIZ-ESPARZA, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | Sentencing Date:  July 14, 2014 |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and through Pamala R. Holsinger, Assistant United States Attorney, respectfully submits this memorandum for defendant's sentencing, which is currently set for Monday, July 14, 2014, at 9:00 a.m.

The government agrees with the presentence writer that the total offense level would be 28 (36 for drug quantity, minus 2 for role, minus 3 for minor role in drug offense, minus 3 for acceptance of responsibility), the defendant's criminal history category is I, and the resulting

guideline range is 78 to 97 months. The government also recommends an additional two-level downward adjustment for early resolution and two levels based upon pending reduction in the sentencing guidelines for certain drug offenses.

Based on the information in the Presentence Report, defendant meets the criteria of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 for "safety valve" relief. Therefore, the parties recommend a two-level reduction in the offense level pursuant to U.S.S.G. § 2D1.1(b)(11). The resulting guideline range is 41 to 51 months.

**Defendant's Criminal Conduct**

The government concurs with the detailed description of the Offense Conduct described in paragraphs 13 through 20 of the Presentence Report. Specifically, on July 22, 2013, a confidential informant working on behalf of the Woodburn Police Department and Homeland Security Investigations (HSI) ordered 1.5 pounds of methamphetamine from defendant Domingo Ruiz-Esparza. (PSR ¶¶ 14, 15.) Defendant contacted codefendant Eliobardo Ramirez-Escobar and made arrangements for the amount of methamphetamine to be delivered. The transaction was to take place at the Best Western Hotel in Woodburn. While conducting surveillance at Ruiz' apartment, law enforcement observed Ramirez leaving defendant's apartment in a brown Chevy pickup. Defendant left a few minutes later in a black Chrysler. The two met at the Walgreens and defendant got in the passenger seat of Ramirez' pickup. Ramirez then drove to the Best Western where the transaction was to take place. Both defendant and Ramirez were taken into custody. (PSR ¶ 16.) Officers seized approximately $976 in United States currency from Ramirez' wallet.

/ / /

During a consent search of codefendant Ramirez' pickup, truck officers found approximately 579 grams of actual methamphetamine inside a children's backpack. During a consent search of Ramirez' residence, officers located 145 grams of actual methamphetamine, scales, cutting agents, packaging material, and approximately $9710 in United States currency packaged in separate bundles. (PSR ¶ 17.)

During the execution of a search warrant at defendant's residence, officers located two baggies with a total of approximately 44 grams actual methamphetamine, scales, packaging material, cutting agent, and drug records. (PSR ¶ 18.)

The total amount of actual methamphetamine seized and tested by the Oregon State Crime Lab was approximately 768 grams. This amount of methamphetamine is consistent with distribution and inconsistent with personal use. (PSR ¶ 20.)

**Recommended Sentence**

Defendant entered a guilty plea pursuant to a plea agreement with the government to a single-count Information charging him with possession with intent to distribute a mixture and substance containing methamphetamine. The government requests the Court adopt the findings of the Presentence Report and find that the advisory guideline range is 78 to 97 months as determined by the probation officer. Pursuant to the plea agreement, the government recommends an additional two-level decrease based upon defendant's early disposition and forgoing filing of pretrial motions. In addition, the government does not oppose a decrease of two additional levels based upon the Attorney General's endorsement of the United States Sentencing Commission's January 2014 proposal to reduce the base offense level for certain drug offenses.

The government also moves the Court for a two-level downward departure pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). The resulting advisory guideline range will be 41 to 51 months. A low-end sentence of 41 months properly addresses the statutory sentencing factors set forth in § 3553(a). It accounts for the nature and seriousness of defendant's criminal conduct—possession and distribution of methamphetamine. It provides a proper measure of punishment, affords adequate deterrence, and promotes respect for the law. It also takes into account defendant's lack of criminal history and characteristics, and protects the public. The government also requests that the Court impose three years of supervised release. All currency seized and subject to forfeiture in this case has been resolved by administrative forfeiture.

Dated this 9th day of July 2014.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

 *s/ Pamala R. Holsinger*
PAMALA R. HOLSINGER, OSB #89263
Assistant United States Attorney
(503) 727-1000